In re: Sheets, Brian Keith and Karen Kay         Case No._____
        Debtor(s)

## CHAPTER 13 PLAN

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

(1) The future earnings or other future income of the Debtors is submitted to supervision and control of the Trustee.

(2) **THE DEBTORS SHALL PAY TO THE TRUSTEE** the sum of $650.00 per month until confirmation, then $650.00 per month for a total of 60 months. Said time length of the plan may be modified to the extent necessary to pay the unsecured percentage set forth below.

(3) Trustee shall make disbursements as follows:
    a) Secured Creditors
        1) **Farmers and Merchants State Bank** is secured by a first mortgage in the approximate sum of $91,230.00 on the Debtors' residential real estate located at 416 Iriquois Trail, Montpelier, OH 43543, with the regular mortgage payments to be paid by the Debtors directly to the Creditor until confirmation. Debtors to pay post petition payments to the creditor after confirmation **outside the plan** with said payments to be at the non-default of interest with no late charges assessed on post petition payments based upon any pre-petition arrearage. Any claim for post petition expenses or charges must be set forth on a supplemental claim to be filed with the Court prior to completion of the Debtors' Plan.
        2) **Fifth Third Bank** is secured by a lien in the approximate sum of $7,957.00 on the Debtors' 2005 Dodge Durango, VIN: 1D4HB48D65F589543, located at debtors' residence, with the regular payments of approximately $620.00 to be paid by the Debtors directly to the Creditor until confirmation. Debtors to pay post petition payments to the creditor after confirmation **outside the plan** with said payments to be at the non-default rate of interest with no late charges assessed on post petition payments based upon the pre-petition arrearage. Any claim for post petition expenses or charges must be set forth on a supplemental claim to be filed with the Court prior to completion of the Debtors' Plan.
        3) **American Honda/GEMB** is secured by a lien in the approximate sum of $1,187.00 on the Debtors' 2005 Honda Rancher, VIN: TE29E8120352, located at debtors' residence, with the regular payments of approximately $212.00 to be paid by the Debtors directly to the Creditor until confirmation. Debtors to pay post petition payments to the creditor after confirmation **outside the plan** with said payments to be at the non-default rate of interest

with no late charges assessed on post petition payments based upon the pre-petition arrearage. Any claim for post petition expenses or charges must be set forth on a supplemental claim to be filed with the Court prior to completion of the Debtors' Plan.

b) After payment of all priority and secured claims, the Trustee shall pay 38% of all unsecured claims (approximately $87,800) duly proved and allowed and calculated as follows: $650/month (60) = $39,000 (-10% Trustee fee of $3,900) = $35,100 (- $945 Attorney fee) = $34,155/ $87,800 = 39%. Said percentage to be reviewed after the claims bar date and the percentage may be adjusted based upon the claims allowed, funds received from tax refunds, and fluctuations of income.

c) Administrative Expenses
   1) Trustee's Fee = 10%
   2) Attorney's Fee (unpaid portion) = $945.00
   3) Filing Fee (unpaid portion) = none

(4) The Court, from time to time during the period of this Plan, may increase or decrease the amount of the payments provided in the Plan or extend or reduce the period of time for any such payments.

(5) Title to the Debtors' property shall remain property of the estate until completion of the Chapter 13 plan.

(6) All Creditors with claims disallowed or who fail to file claims will be barred from proceeding with any action against the debtor or their property and upon completion of the Plan (to the extent said creditor is secured) said creditor shall immediately release its security interest. All secured liens will remain on the collateral until completion of the Plan at which time the liens will be released except any mortgage liens not stripped by the provisions above.

(7) **Conduit Mortgage Payments:** If conduit payments are proposed by Debtors, regular mortgage payments will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Petition Date **(in this case Debtors propose direct mortgage payments outside the Plan. Furthermore, Debtors propose making all regular mortgage payments between the date the Plan is filed and the date of confirmation directly to the mortgage company).**

a) If this case is assigned to the Honorable Richard L. Speer, notwithstanding any other provision in this plan, any mortgage arrearages shall be paid through the Plan. Debtors submit they are current on their mortgage.

b) The holder of a mortgage claim paid by conduit mortgage payments shall provide the Trustee with written notice of, or shall file an amended proof of claim for, any changes in the monthly mortgage or escrow payments during the term of the Plan. The mortgage claim holder shall also serve a copy of the written notice or amended proof of claim on Debtors and Debtors' attorney. Upon receipt by the Trustee of such written notice, or upon the filing of an amended proof of claim, the Plan shall be deemed modified to permit the Trustee to disburse the amended conduit mortgage payment amount.

8) Debtors' Attorney having previously consented, all creditors having mortgages on debtor's real estate shall recommence normal correspondence regarding the mortgage with the debtor as was their normal business practice prior to the commencement of this case, including the issuance of coupon books and/or monthly statements, yearly escrow analyses, 1099's and any and all other correspondence that would issue in the ordinary course of business. During this Chapter 13 case, the debtor may attempt to enter into loss mitigation negotiations with their mortgage lender(s). This may result in an agreed modification of the debtors' mortgage.

9) Executory Contracts/Leases: all are rejected unless otherwise indicated in a stipulation/order or writing filed with this Court.
    (A) **Honda Financial** is secured by a lease in the approximate sum of $9,047.00.00 on the Debtors' 2010 Honda Accord, VIN: 1HGCPZF79AA128937, located at debtors' residence, with the regular payments of approximately $322.00 to be paid by the Debtors directly to the Creditor until confirmation. Debtors to pay post petition payments to the creditor after confirmation **outside the plan** with said payments to be at the non-default rate of interest with no late charges assessed on post petition payments based upon the pre-petition arrearage. Any claim for post petition expenses or charges must be set forth on a supplemental claim to be filed with the Court prior to completion of the Debtors' Plan.

10) Miscellaneous:
    (A) Debtors elect to avoid the fixing of liens pursuant to 11 USC 522(b), except those secured creditors whose liens are not avoidable thereunder, who shall retain their liens until paid as provided for under this Plan
    (B) Debtors elect to avoid all lien(s) already attached pursuant to 11 USC 522(f), except those liens whose liens are not avoidable thereunder, who shall retain their liens until paid or avoided as provided for under this Plan.
    (C) Property of the Debtors shall revest in Debtors upon confirmation of this Plan, free and clear of all liens except those defined within the terms and conditions of this Plan.

Dated: _10/7/2011_     Signature ___/s/ Brian Keith Sheets_____
                                   **Brian Keith Sheets, Debtor**

                           Signature ___/s/ Karen Kay Sheets_____
                                   **Karen Kay Sheets, Debtor**